UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISEO ALATORRE,<br><br>  Plaintiff,<br><br>  v.<br><br>WASTEQUIP MANUFACTURING COMPANY LLC, and DOES 1-50,<br><br>  Defendants. | No.  2:12-cv-02394-MCE-DAD<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Eliseo Alatorre ("Plaintiff") seeks relief for various violations of California state law arising from the termination of his employment with Defendant Wastequip Manufacturing Company LLC ("Defendant").  Plaintiff originally filed suit in the Superior Court of California, County of San Joaquin, alleging violations of California's Fair Employment and Housing Act ("FEHA") and common law causes of action for intentional infliction of emotional distress and wrongful termination in violation of public policy.  Defendant removed the action to this Court on September 19, 2012, invoking the Court's diversity jurisdiction.  (ECF No. 1.)  Presently before the Court is Plaintiff's Motion to Remand (ECF No. 8), which Defendant timely opposed (ECF No. 10).  Defendant also filed a Motion to Amend Notice of Removal (ECF No. 9), which Plaintiff timely opposed (ECF No. 16).

1

1 For the reasons set forth below, Defendant's Motion to Amend Notice of Removal is
2 GRANTED and Plaintiff's Motion to Remand is DENIED WITHOUT PREJUDICE.[1]

## BACKGROUND[2]

Prior to June 4, 2004, Plaintiff was an owner and operator of McLaughlin Refuse Equipment, Inc. The company designed and manufactured refuse dumpsters and similar products. On June 4, 2004, Plaintiff sold his business to Wastequip. Following the sale of his company, Plaintiff became an employee of Wastequip. Plaintiff remained an employee in good standing for eight years with Wastequip. He was recognized for his superior performance and received increased job duties and responsibilities within the company. While employed with Wastequip, Plaintiff met or exceeded all of Wastequip's performance expectations.

On January 31, 2012, as a result of minor medical concerns, Plaintiff had an MRI performed on his brain. Shortly thereafter, Plaintiff learned that he had a tumor on his pituitary gland, and was told to schedule an appointment with a specialist. On February 23, 2012, Plaintiff consulted with a specialist. The specialist informed Plaintiff that Plaintiff would need brain surgery as soon as possible.

On March 14, 2012, two of Plaintiff's superiors—Chuck Worley, Wastequip's General Manager of the West Coast, and Vince Tabb, Wastequip's CEO—were at Plaintiff's work location. Neither Worley nor Tabb regularly worked out of Plaintiff's facility. Near the end of the day, Plaintiff informed Worley and Tabb that he had been diagnosed with a brain tumor. The following day, March 15, 2012, at 4:45 PM, Worley sent Plaintiff an email stating:

///

---

[1] Because oral argument will not be of material assistance, the Court orders these matters submitted on the briefs. E.D. Cal. Local R. 230(g).

[2] The following factual background is taken, sometimes verbatim, from Plaintiff's Complaint (ECF No. 1 at 14-15) unless otherwise stated.

> Please note the attached prescription form and job description. If you are going to be taking medication during your treatment, we need these completed please. This is a safety precaution, to let your doctor know your work environment, and approve your prescriptions for use in this environment . . . . Would like these back by Monday [March 19, 2012] if they apply."

Plaintiff provided these forms, indicating that Plaintiff's medication did not interfere with his performance of his job duties.

On March 21, 2012, Plaintiff was terminated from employment. Defendant informed Plaintiff that he was being terminated for "performance." Plaintiff's medical benefits were terminated that same day. As a result of Defendant's actions, Plaintiff suffered loss of earnings and benefits, humiliation, and embarrassment, as well as severe mental and emotional distress and discomfort.

## STANDARD

### A. Removal

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to the federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).

"The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (internal citations omitted). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Gaus, 980 F.2d at 566. Therefore, if it appears "at any time before final judgment that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

If the district court determines that removal was improper, then the Court may also award the plaintiff costs and attorney fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c). The Court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

## ANALYSIS

**A.    Defendant's Motion to Amend Notice of Removal**

A defendant seeking to remove a case to federal court must do so within thirty days of being served with the complaint. See 28 U.S.C. § 1446(b). "The Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.'" ARCO Envtl. Remediation, L.L.C., 213 F.3d at 1117 (quoting O'Halloran v. Univ. of Wash., 856 F.2d 1375, 1381 (9th Cir. 1988)). However, the Court may allow a defendant to amend the Notice of Removal after the thirty day window has closed to correct a "defective allegation of jurisdiction."

///
///
///

Id. (citing 28 U.S.C. § 1653; 16 Moore's Federal Practice § 107.30[2][a][iv] ("[A]mendment may be permitted after the 30-day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction.")); see also Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) ("Under 28 U.S.C. § 1653, [the Court has] the authority to grant leave to amend a complaint in order to cure defective allegations of jurisdiction."). The rationale for permitting amendment to correct allegations of jurisdictional facts is that "[i]n determining whether a removal petition is incurably defective, the [C]ourt not only examines the specific allegations of the petition itself, but also must scrutinize the record of the state court proceedings" for omitted jurisdictional facts. ARCO Envtl. Remediation, LLC, 213 F.3d at 1117 (quoting N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982)).

Defendant's original notice of removal states that "Defendant . . . is a Ohio corporation with its principal place of business is [sic] Charlotte, North Carolina. Thus, Wastequip Manufacturing Company LLC is not a citizen of the State of California." (ECF No. 1 at 2.) Defendant seeks to amend the notice of removal to state that "Wastequip Manufacturing LLC is 100% owned by Wastequip LLC. Wastequip LLC is incorporated in Ohio and its principal place of business is at 1901 Roxboough Road, Suite 300, in Charlotte, North Carolina. Thus, Wastequip Manufacturing Company LLC is not a citizen of the State of California." (ECF No. 9-1 at 50.) Defendant seeks the amendment to correct a defective allegation of jurisdiction; Defendant does not seek to add a new basis for removal jurisdiction. See ARCO Envtl. Remediation, L.L.C., 213 F.3d at 1117. Defendant's purported basis for federal jurisdiction remains diversity—that is, Defendant still contends that federal jurisdiction is appropriate only because there is complete diversity between Plaintiff and Defendant. Defendant simply seeks to clarify its jurisdictional allegations to aid the Court in determining Defendant's citizenship for the purposes of diversity.

Accordingly, Defendant's Motion to Amend Notice of Removal is GRANTED.

### B.     Plaintiff's Motion to Remand

Plaintiff's Motion to Remand argues that Defendant has failed to establish that the parties are diverse and that Defendant filed a defective notice of removal.  Specifically, Plaintiff contends that because Defendant attempts to apply the test for diversity used for corporations, Defendant fails to put facts before the Court sufficient for the Court to determine Defendant's citizenship.  By way of response, Defendant argues that Defendant is a limited liability company "fully owned by Wastequip LLC, which has the exact same state of incorporation and principal place of business as Defendant" and thus "the allegation about the state of incorporation and principal place of business of Wastequip Manufacturing LLC is actually correct."  (ECF No. 10 at 1.)  Defendant also argues that its amended notice of removal cures whatever defect may have existed in the original notice of removal because "if Wastequip Manufacturing LLC's citizenship is determined by its sole owner, the result is the same because Wastequip Manufacturing Company LLC is still 'a Ohio corporation with its principal place of business is [sic] Charlotte, North Carolina . . . .'"  (ECF No. 10 at 3.)

However, as Plaintiff points out, Defendant's amended notice of removal remains defective, as Defendant fails to make jurisdictional allegations sufficient for the Court to determine Defendant's citizenship under the citizenship test for limited liability corporations ("LLCs").  According to the Ninth Circuit, "LLCs resemble both partnerships and corporations.  Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction."  Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

///
///
///
///

"This treatment accords with the Supreme Court's consistent refusal to extend the corporate citizenship rule to non-corporate entities, including those that share some of the characteristics of corporations." Id. (citing Carden v. Arkoma Assocs., 494 U.S. 185, 189 (1990) (treating a limited partnership as having the citizenship of all its members); Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 456-57 (1900) (refusing to extend the corporate citizenship rule to a "limited partnership association" although it possessed "some of the characteristics of a corporation")). "This treatment is also consistent with the common law presumption that unincorporated associations are not legal entities independent of their members." Id. (citing Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1133 n. 2 (9th Cir.2002)). Thus, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." Id.

Here, Defendant's owner, Wastequip LLC, is itself a limited liability corporation.[3] Wastequip LLC's citizenship is therefore determined not by reference to its principal place of business and "state of incorporation," as Defendant suggests, but by the citizenship of its owners and members. See Johnson, 437 F.3d at 899. Thus, Defendant must also identify the owner of Wastequip LLC in its removal papers, and provide information regarding Wastequip LLC's owner's citizenship. See id.; Lindley Contours, LLC, 414 F. App'x at 65 (finding that when an LLC's members are themselves limited partnerships or LLCs, jurisdictional allegations must "identify of what state [the members] are a citizen or whether they are composed of another layer of partnerships."). Defendant's amended Notice of Removal includes no such allegations. It is insufficient for Defendant to make allegations regarding Wastequip LLC's principal place of business and "place of incorporation."[4]

---

[3] Although Defendant's Amended Notice of Removal states that Wastequip LLC is "incorporated" in Ohio, the Court assumes that Wastequip LLC is, in fact, an LLC due to the presence of "LLC" in the company's name, and Defendant's Corporate Disclosure Statement which states that "Wastequip Manufacturing Company LLC is wholly owned by Wastequip, LLC (an Ohio limited liability company)." (ECF No. 9-1 a7 47.)

[4] The Court notes that while an LLC may have a place of formation, it has no place of "incorporation," as an LLC is, by definition, not incorporated.

The Court uses information about a party's principal place of business and place of incorporation to determine the citizenship of a corporation, 28 U.S.C. § 1332(c)(1); such information is useless in determining an LLC's citizenship. See supra.  The Court is therefore unable to determine Defendant's citizenship from the jurisdictional allegations contained in Defendant's amended Notice of Removal.

Defendant does provide the Court with the Declaration of Steve Svetik, the Chief Financial Officer of Patriot Container Acquisition Corp. and Wastequip LLC, in support of its Motion to Amend.  (ECF No. 9-2.)  Svetik's Declaration states: "Wastequip Manufacturing LLC is incorporated in Ohio and its principal place of business is in Charlotte, North Carolina.  Wastequip Manufacturing LLC is 100% owned by Wastequip LLC.  Wastequip LLC is incorporated in Ohio and its principal place of business is at 1901 Roxborough Road, Suite 300 in Charlotte, North Carolina.  Wastequip LLC is 100% owned by Patriot Container Acquisition Corp., which is a Delaware Corporation, whose principal place of business is in Charlotte, North Carolina."  Defendant thus attempts to demonstrate that Wastequip LLC owns Defendant, and Wastequip LLC is owned in turn by Patriot Container Acquisition Corporation, which has its principal place of business in North Carolina and is incorporated in Delaware.  Under these facts, Defendant appears to be a citizen of both North Carolina (Patriot Container Acquisition Corporation's principal place of business) and Delaware (Patriot Container Acquisition Corporation's state of incorporation).  See 28 U.S.C. § 1332(c)(1) (citizenship of corporations); Johnson, 437 F.3d at 899 (citizenship of LLC).

However, Svetik's Declaration is problematic for several reasons.  First, the Declaration includes statements regarding "Wastequip Manufacturing LLC," which is not the named Defendant in this case.  The named Defendant is "Wastequip Manufacturing Company LLC."  The Court cannot simply assume that "Wastequip Manufacturing LLC" is meant to be Defendant Wastequip Manufacturing Company LLC, and thus the Court cannot use this information to determine that Defendant is, in fact, diverse from Plaintiff.

///

Second, Svetik states that Wastequip LLC and Wastequip Manufacturing LLC are each "incorporated in Ohio." These statements are clearly incorrect, as both of these companies are limited liability companies, not corporations, and thus have no place of incorporation.

Thus, Defendant's amended Notice of Removal fails to provide the Court with information sufficient to determine Defendant's citizenship—namely, the information about Patriot Container Acquisition Corporation's citizenship. For the reasons stated above, Svetik's Declaration is similarly unhelpful to the Court's determination whether diversity jurisdiction exists. Accordingly, the Court finds that Defendant, as the removing party, has failed to meet its "burden of establishing federal jurisdiction." Ethridge, 861 F.2d at 1393.

**CONCLUSION**

For the reasons just stated, it is hereby ordered that:

1. Defendant's Request to Amend Notice of Removal is GRANTED. (ECF No. 9.)

2. Plaintiff's Motion to Remand is DENIED WITHOUT PREJUDICE. (ECF No. 8.)

3. Defendant is ordered to show cause why the Court should not remand this case to California Superior Court, County of San Joaquin. Defendant has ten (10) days from the date this Order and Memorandum is issued to demonstrate to the Court why diversity jurisdiction exists. Should Defendant fail to file a response to the Order to Show Cause, the Court will remand the case sua sponte, without further notice to the parties.

IT IS SO ORDERED.

Dated: December 19, 2012

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT